

| | |
|---|---|
| Book | Denver Public Schools Administration Policies |
| Section | G - Personnel |
| Title | Regulation regarding Procedures for Dismissal of Full-time Classified Employees, Specialized Service Providers and Teachers in School with a Waiver of Statutory Dismissal Proceduress |
| Code | GDQD-R |
| Status | Active |
| Adopted | June 21, 2001 |
| Last Revised | August 24, 2023 |
| Prior Revised Dates | 3/19/2015 |

These procedures are an effort to maintain fair and equitable treatment of classified employees, specialized service providers (SSPs), and teachers employed in schools with a waiver of statutory dismissal procedures (collectively referred to as "covered employees").

The procedures do not change the at-will employment status of classified employees and SSPs, or the status of certain teachers at schools with a waiver of statutory dismissal procedures (which status is determined by each school's innovation plan).  These procedures do not apply to the decision to non-renew a licensed employee's contract at the end of the school year or the decision not to extend an at-will licensed individual's employment into the succeeding school year.  However, a licensed employee who has been given a written notice that their  contract or employment will not extend into the subsequent school year may request and receive the reasons for the decision.

Probationary covered employees shall be entitled to limited dismissal procedures as noted in Sections A and B. Continuing service-covered employees shall be entitled to the more extensive dismissal procedures in section C, below.

A. No covered employee will be dismissed until they have been notified by one of their supervisors of the grounds for the dismissal and given a reasonable opportunity to respond.

B. If the supervisor decides to proceed with the dismissal, the supervisor will provide the employee with written notice of the ground(s) for the dismissal and the employee may request a post-termination hearing before an administrator (designated by the Superintendent or designee) in the Office of Talent.  The employee must request the post-termination hearing within three (3) business days of the last day of work.

**Exhibit D**
**Defendants' Motion to Dismiss**
**Page 1 of 3**

1. If the employee does not request the post-termination hearing within three (3) business days, the termination will be considered final.

2. If the employee makes a timely request for a post-termination hearing, then the Office of Talent administrator shall conduct the hearing within ten (10) business days of the receipt of the request for hearing, unless extraordinary circumstances require additional time.

> i. The Office of Talent administrator shall review the supervisor's decision in order to determine if there are facts that demonstrate that any of the ground(s) specified in the notice of dismissal provided the employee are present. The Office of Talent administrator shall issue a decision in writing affirming, modifying, or reversing the dismissal. The decision shall be rendered within five (5) business days of the hearing, unless extraordinary circumstances require additional time.
>
> ii. If the Office of Talent administrator affirms the dismissal, the dismissal will be forwarded to the Superintendent or designee for final action. If the Superintendent or designee does not uphold the dismissal, the employee shall be entitled to back pay.
>
> iii. If the employee does not attend the scheduled post-termination hearing, the ground(s) specified in the notice of dismissal will be deemed admitted by the employee and the dismissal procedures will be concluded.
>
> iv. The Office of Talent administrator's review concludes the dismissal procedures for probationary employees.

C. If the Office of Talent administrator affirms the dismissal, a continuing service employee may request a hearing before an impartial hearing officer. (As noted above, probationary employees are not entitled to the hearing before an impartial hearing officer.) The continuing service employee must request the hearing within ten (10) business days of the decision by the Office of Talent administrator. The hearing officer will review the dismissal notice in order to determine if any of the ground(s) specified in the dismissal notice provided to the employee are present. This hearing officer will not be a District employee.

The following procedures shall apply to the hearing before an impartial hearing officer:

1. When a request for a hearing is received, the Superintendent or designee, shall appoint a hearing officer skilled in the arbitration of labor relations matters and shall notify the Superintendent or designee and the employee of the name of the hearing officer appointed. The hearing officer shall arrange the date and time of the hearing with the employee and a representative of the District.

2. The hearing officer so appointed shall have the authority to establish hearing dates and to make all the necessary procedural rules. The hearing shall be strictly confined to whether any of the ground(s) specified in the dismissal notice provided to the employee and affirmed by the Office of Talent Administrator are present.

3. The parties shall exchange exhibits and witness lists at least five (5) business days prior to the commencement of the hearing.

4. Pertinent information not privileged under law in the possession of the District shall be made available to the employee at his/her request.

5. The employee may be represented by legal counsel at the hearing.

6. The hearing officer will issue a written recommendation to the Superintendent or designee and the

**Exhibit D**
**Defendants' Motion to Dismiss**
**Page 2 of 3**

employee within fifteen (15) business days after the close of the hearing. The hearing officer's recommendation shall set forth detailed, written findings of fact. If the findings of fact demonstrate that any of the ground(s) specified in the notice for dismissal provided to the employee are present, the hearing officer is without authority to recommend the reversal of the dismissal. If the findings of fact demonstrate that none of the ground(s) specified in the dismissal notice provided the employee are present, the hearing officer will have authority to recommend reversing the dismissal. The hearing officer's report shall be advisory only and shall not be binding on the Superintendent or designee.

7. All hearings conducted by the hearing officer shall be confidential.

8. The Superintendent or designee shall act on the hearing officer's report within ten (10) business days, and the decision shall be final and shall terminate any rights of the employee under this policy. If the Superintendent or designee does not affirm the dismissal, back pay and associated benefits may be restored, if applicable.

9. The District shall pay the cost associated with employment of the hearing officer. The District shall be responsible for its legal costs, and the employee shall be responsible for paying their legal costs, if any.

10. An official stenographic transcript of the hearing may be made at the request of the District or the employee, and a copy of any request shall be made available to the hearing officer. The person requesting a stenographic transcript shall pay the cost, except, if the other party requests a copy of the transcript, the entire cost of the stenographic transcript shall be shared equally by both parties.

Incarceration of Employee. An employee who is incarcerated and unable to work will be placed on leave without pay immediately.

Disciplinary Actions Other than Dismissal. This policy does not apply to any disciplinary actions taken by district administrators, directors, or supervisors that do not result in a recommendation of dismissal.

Nothing shall limit the Superintendent's discretion to modify or revoke the procedures in whole or in part as set forth herein.

**Exhibit D**
**Defendants' Motion to Dismiss**
**Page 3 of 3**