IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02257-JLK

KURT DENNIS,

Plaintiff,

v.

SCHOOL DISTRICT NO. 1 d/b/a DENVER PUBLIC SCHOOLS;
SUPERINTENDENT ALEX MARRERO, in his individual and official capacities;
DENVER PUBLIC SCHOOL BOARD OF EDUCATION PRESIDENT XÓCHITL GAYTÁN, in her individual and official capacities;
DENVER PUBLIC SCHOOL BOARD OF EDUCATION VICE PRESIDENT AUON'TAI ANDERSON, in his individual and official capacities;
DENVER PUBLIC SCHOOL BOARD OF EDUCATION TREASURER SCOTT ESSERMAN, in his individual and official capacities;
DENVER PUBLIC SCHOOL BOARD OF EDUCATION SECRETARY MICHELLE QUATTLEBAUM, in her individual and official capacities;
DENVER PUBLIC SCHOOL BOARD OF EDUCATION MEMBER CARRIE OLSON, in her individual and official capacities; and
DENVER PUBLIC SCHOOL BOARD OF EDUCATION MEMBER CHARMAINE LINDSAY, in her individual and official capacities,

Defendants.

---

**DEFENDANT DENVER PUBLIC SCHOOLS' MOTION TO COMPEL 9NEWS/KUSA-TV TO COMPLY WITH THE SUBPOENA DUCES TECUM**

---

Defendant School District No. 1 d/b/a Denver Public Schools ("DPS"), by and through its undersigned counsel, moves pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) to compel 9News/KUSA-TV ("9News") to produce certain documents identified by a subpoena duces tecum.

Counsel for DPS certifies pursuant to D.C.COLO.LCivR 7.1(a) that they conferred regarding the relief requested herein with counsel for: (a) 9News via email, telephone call, and

letter on August 25 and September 16, 2025 and (b) Dennis via email on September 18, 2025. Dennis and 9News oppose the motion.

## BACKGROUND

This is a § 1983 public employment case brought by a former DPS public school principal. Plaintiff Kurt Dennis ("Dennis") claims[1] that Defendants violated his First Amendment rights by terminating his employment because he gave a March 24, 2023 television news interview to 9News (the "Interview") about a "student charged with attempted murder" ("Student A"). (Doc. 1, *Complaint and Jury Demand*, ¶¶ 65-66, 114, and 132.) Among other arguments, DPS contends Dennis' speech was not protected because his provision to 9News of documents about Student A in the course of the Interview violated 20 U.S.C. § 1232g (FERPA) and § 19-1-303(2)(a), C.R.S. (Doc. 18, *Order Granting in Part and Denying in Part Defendants' Motion to Dismiss*, pp. 10-13.)

The Court noted the parties' disagreement "over whether the documents Mr. Dennis provided to 9News were properly redacted so as to fall outside of FERPA's protection", and there is likewise an issue of whether "Plaintiff's redaction of the information at issue failed to maintain the confidentiality required under" § 19-1-303(2)(a). (*Id.*, pp. 11 & 13.) "While Mr. Dennis admits that he 'provided the press with documents related to' the student discussed in his interview, he [alleges that he] ensured the documents were redacted to 'remove all personally identifying information about the student.'" (*Id.*, pp. 11, *citing* Compl., ¶ 68.) "Mr. Dennis pleads that he 'was careful not to mention the student's name, age, gender, or any other personally identifying information' during his interview." (*Id.*, pp. 11-12, *citing* Compl. ¶ 67.)

---

[1] Dennis' due process liberty interest claim does not relate to this motion.

DPS is engaging in discovery concerning the information Dennis supplied 9News about Student A. During the broadcast in question, 9News displayed a portion of a document depicting an "Administrative Transfer Request" with Student A's name redacted with a clean-edged black box, as is typical when redaction is done electronically:



Ex. A, Broadcast of Interview, at 0:02:15.

In response to a request for production of documents seeking the documents Dennis provided 9News about Student A, Dennis produced the following version of the same document:

Ex. B, Bates No. DENNIS 000943. The redaction performed on the line beginning "An administrative transfer request for …" is obviously different. *See id.*

3

DPS raised the issue of third-party discovery on 9News at the Scheduling Conference:

Counsel: The other issue I have for you is the fact that a central issue in this case obviously involves the – you know, the television interview. And I know that there will be some discovery, probably a third-party subpoena, to one or more news organizations. I -- I haven't done that before. And I don't know if there will be resistance to that by either the plaintiff or the news organizations themselves. It's a -- I'm thinking about it as a potential special problem for discovery that might even have to be sorted out by the Court.

The COURT: Well, you -- it's -- you're entitled to discover the unedited filming, as well as the edited filming, but the distinction has to be made during the trial, but you're entitled to do that.

Ex. C, Excerpt of Reporter's Transcript of Scheduling Conference, 22:3-16. DPS indeed sought the information Dennis supplied to 9News about Student A through a third-party subpoena, including the unedited film of the Interview. Ex. D (the "Subpoena").

In response, 9News supplied a copy of the broadcast report of the Interview (Ex. A hereto) and the online news article related to it, but otherwise objected to the information sought:

> With respect to any and all unpublished documents and other information that are sought by the SDT, 9News hereby objects, pursuant to Fed. R. Civ. P. 45(d)(2)(B), to producing them, on grounds that all non-published information gathered and recorded by its personnel, in the course of their newsgathering functions (as employees of KUSA-TV/9News), is protected "news information" subject to the Colorado Newsperson's Privilege Law, § 13-90-119, C.R.S., and the independent protection afforded to such materials by the First Amendment to the Constitution of the United States. 9News does not voluntarily waive said privileges.

Ex. E, August 25, 2025 letter from Steve Zansberg to Brent Case.[2] However, 9News did not "describe the nature of the withheld documents, communications, or tangible things in a manner

---

[2] While the letter indicated that 9News would not even provide a copy of the actual broadcast news report, it did so days later.

that, without revealing information itself privileged or protected, will enable the parties to assess the claim" as required by Fed. R. Civ. P. 45(e)(2)(A)(ii).

DPS thereafter scaled back the categories of documents sought by the Subpoena to:

1. Raw or source footage of the Television Story[3] containing communications by Kurt Dennis.

3. All documents provided to KUSA-TV by Kurt Dennis in conjunction with the Television Story or Internet Article[4] in the form they were provided to KUSA-TV.

5. All documents provided to KUSA-TV reporter Chris Vanderveen by Kurt Dennis in conjunction with the Television Story or Internet Article in the form they were provided to Chris Vanderveen.[5]

Ex. F, September 16, 2025 letter from Brent Case to Steve Zansberg (the "Revised Subpoena"). 9News stood on its prior objection. Ex. G, September 17, 2025 email from Steve Zansberg to Brent Case.

DPS now moves the Court for an order compelling 9News to produce the documents called for by the Revised Subpoena.

## ARGUMENT

### A. Federal Common Law Applies.

In asserting a privilege, 9News' objection letter cited both federal common law and Colorado statute. Fed. R. Evid. 501 provides that federal common law governs a claim of privilege,

---

[3] The Subpoena provided that "The 'Television Story' refers to the television story related to the Internet Article that aired on or about March 24, 2023 on KUSA-TV."

[4] The Subpoena provided that "The 'Internet Article' refers to the March 24, 2023 internet article entitled 'Student accused of attempted murder placed in DPS school despite concerns of principal, Denver Police' accessible online on August 11, 2025 at https://www.9news.com/article/news/investigations/dps-denver-student-accused-attempted-murder-placed-middle-school-despite-fears-principal-denver-police/73-a71dd1c5-8307-4ef1-b5b6-b0799d5ad992."

[5] Mr. Vanderveen is the 9News reporter who conducted the Interview.

5

unless the U.S. Constitution, federal statute, or Supreme Court rule provides otherwise. Accordingly, "[w]here federal law provides the governing substantive law in a lawsuit, the federal common law of privileges will govern." *Everitt v. Brezzel*, 750 F. Supp. 1063, 1066 (D. Colo. 1990). Pertinently, the Tenth Circuit has recognized the application of a federal common law reporter's privilege under the First Amendment to civil cases. *Johnson v. Sch. Dist. No. 1*, 2014 U.S. Dist. LEXIS 23620, at *6 (D. Colo. Feb. 25, 2014) (*citing Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 438 (10th Cir. 1977)).

While the federal common law reporter's privilege and Colorado's press shield law are quite similar, federal courts hearing cases falling under federal question jurisdiction will apply the federal common law privilege. *See Chevron Corp. v. Stratus Consulting, Inc.*, 2010 U.S. Dist. LEXIS 110023, at *5 (D. Colo. Oct. 1, 2010); *Bacon v. Archer*, 2019 U.S. Dist. LEXIS 88816, *6-7 (D. Colo. May 24, 2019); *but see Bustos v. U.S.*, 257 F.R.D. 617, 622 (D. Colo. 2009) (where claims are derivative of state tort law, the Court applies Colorado law in evaluating Defendant's asserted privilege). Dennis' suit raises claims solely under the First and Fourteenth Amendments to the Constitution. Thus, even though Colorado has codified a "reporter's privilege" into state law, the federal common law reporter's privilege applies in this case because the Court's jurisdiction is based exclusively on federal questions.

### B. DPS is Entitled to the Information Requested by the Subpoena.

When the subject of a subpoena claims a First Amendment "reporter's privilege" to not disclose certain information, federal courts must consider the following factors to determine whether or not to compel disclosure: "(1) the relevance of the evidence; (2) the necessity of receiving the information sought; (3) whether the information is available from other sources; and

6

(4) the nature of the information." *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987). The Court must effectively conduct a balancing test, weighing "the need for First Amendment protection with the need for discovery" in light of the relevant circumstances. *Johnson*, 2014 U.S. Dist. LEXIS 23620 at *7 (citations omitted). As fully explained below, DPS's need to obtain the original materials cannot be overcome by invoking the reporter's privilege.

As to the first factor, DPS must demonstrate that the "information sought is centrally relevant." *Re/Max Int'l., Inc. v. Century 21 Real Estate Corp.*, 846 F. Supp. 910, 911 (D. Colo. 1994). As the Court noted in its order on DPS's Motion to Dismiss, "[t]he Parties disagree over whether the documents Mr. Dennis provided to 9News were properly redacted so as to fall outside of FERPA's protection." Doc. 18, p. 11. Copies of the documents Dennis provided 9News are highly relevant to both Dennis' claims and DPS's defenses. Especially given the distinction between what appeared onscreen and what Dennis says he provided, a full record of the documents is needed to determine whether the information Dennis supplied 9News with was properly de-identified so as to not violate Student A's privacy interests. The disputed documents to be produced by 9News will shed light on whether they were provided in violation of FERPA or C.R.S. § 19-1-303(2)(a) and whether they were properly redacted. The information sought in the subpoena goes to the heart of the case and DPS's defenses and thus the first factor weighs in favor of compelled disclosure. *Gregory v. Miami-Dade Cnty.*, 2015 U.S. Dist. LEXIS 69118, at *11-12 (S.D. Fla. May 28, 2015) ("the nature and significance of the testimony sought by the Defendant from the reporter is not speculative, but is specific and highly relevant to the Defendant's claim in this action").

As to the second factor, the question is whether DPS "needs to obtain" the disputed documents in order to prove a claim or defense. *Johnson*, 2014 U.S Dist. LEXIS 23620, at *22.

As part of his First Amendment claims, Dennis must demonstrate that his speech was in fact protected. Whether or not the requested documents were properly redacted is certainly necessary to DPS's defense that Dennis' speech was unprotected because it violated FERPA and § 19-1-303(2)(a). Moreover, DPS needs to be able to test Dennis' claim that he properly redacted identifying student information and to test whether the documents Dennis produced in discovery that claims he provided to 9News are genuine. Discrepancies between the documents Dennis produced in discovery and the documents displayed on screen during the 9News interview further bolsters DPS's need for the subpoenaed information. Accordingly, DPS needs the opportunity to ensure the authenticity of the documents produced by Dennis thus far. Without the opportunity to review the original documents Dennis produced, DPS will be forced to accept Dennis' word as the truth, something the discovery process innately seeks to avoid. Because the information sought is critically relevant for just litigation and to allow DPS to put on a diligent defense, this second factor also weighs in favor of compelling disclosure. *Amaya v. Bregman*, 2016 U.S. Dist. LEXIS 63588, at *22 (D.N.M. May 13, 2016).

For the third factor, compelled disclosure is favored when the party requesting information makes a "clear and specific showing that the information is not obtainable from other available sources." *Bacon v. Archer*, 2018 U.S. Dist. LEXIS 159794, at *17 (D. Colo. Sept. 17, 2018) (*citing Johnson*, 2014 U.S. Dist. LEXIS 23620 at *23). To reiterate, Dennis produced the documents he allegedly provided to 9News in response to written discovery requests and DPS needs to test the authenticity of what Dennis provided. The only way to do that is to seek the information from 9News. Thus, because DPS is requesting information that is not obtainable from other sources, this third factor weighs in favor of compelled disclosure. *But see Re/Max Int'l, Inc.*, 846 F. Supp.

at 912 (granting motion to quash because the reporter was not the only available source for the requested information).

Finally, the nature of the subpoenaed information warrants compelled disclosure. 9News cannot adequately explain how being required to produce the subpoenaed information would chill the freedom of the press. *See Amaya*, 2016 U.S. Dist. LEXIS 63588 at *23. This is not a case in which the identity of the interviewee was disguised: Dennis appeared in the Interview personally, and there is no dispute that Dennis is the source of the information sought. Full discovery of what Dennis told (as the Court contemplated when remarking that DPS was entitled to the unedited filming of the Interview) and gave 9News will not require 9News to divulge any confidential sources. It goes to the heart of the case that Dennis filed. *See Johnson*, 2014 U.S. Dist. LEXIS 23620 at *19 (holding that where reporter was first-hand witness to alleged defamatory statements, relevant statements made to reporter weighed in favor of disclosure).

DPS's interests in obtaining relevant information to defend a civil lawsuit in federal court outweigh the First Amendment interests implicated in protecting investigative journalism and avoiding a chill on the newsgathering process. Furthermore, DPS can demonstrate an objective need for the information it is requesting and also that the information is not available from any other sources. Accordingly, the factors altogether weigh in favor of granting this motion and compelling disclosure of the information requested.

### C. **9News did not Provide a Privilege Log, Waiving the Privilege with Respect to the Requested Materials.**

"Just as a party asserting privilege in the face of a discovery request must compile a privilege log under Rule 26(b)(5), Rule 45(e)(2)(A)(ii) requires a non-party withholding subpoenaed information under a claim of privilege to 'describe the nature of the withheld

documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.'" *Tate v. City of Chi.*, 2020 U.S. Dist. LEXIS 137338, *6-7 (N.D. Ill. Aug. 3, 2020). The purpose of what is now Rule 45(e)(2)(A)(ii) "is to provide a party whose discovery is constrained by a claim of privilege . . . with information sufficient to evaluate such a claim and to resist if it seems unjustified". Fed. R. Civ. P. 45, Advisory Committee's Notes to 1991 Amendments; *see also Carlson v. Colorado Ctr. For Reprod. Med., LLC*, 341 F.R.D. 266, 287 (D. Colo. 2022) (interpreting Fed. R. Civ. P. 26(b)(5) to require "(1) identification of the author or origin of the document; (2) a description of any documents or materials attached to the document; (3) identification of all recipients of the document, including addresses and persons or entities receiving copies; (4) the date of the origin of the document; and (5) a description of the contents of the document in sufficient detail as to reveal why it is subject to the asserted privilege" for a satisfactory privilege log).

Rule 45 gives a subpoenaed nonparty a choice between preparing an adequate privilege log, or risk waiving any claim of privilege. *Young v. City of Chicago*, 2017 U.S. Dist. LEXIS 394, at *16 (N.D. Ill. Jan. 3, 2017). 9News' objections contained no information regarding the contents of the relevant files. The objections did not identify or describe **any** potentially responsive materials, let alone do so with enough particularity or "in a manner that…will enable the parties to assess the claim" of privilege. Fed. R. Civ. P. 45(e)(2)(A)(ii), thus their claim of privilege is waived.

WHEREFORE, DPS respectfully requests the Court issue an order compelling 9News to comply with the Subpoena as revised.

RESPECTFULLY SUBMITTED this 13th day of October, 2025.

10

>                               By:    *s/ Max Solomon Spiegel*
>                                   Michael Brent Case
>                                   Jonathan P. Fero
>                                   Max Solomon Spiegel
>                                   Semple, Farrington, Everall & Case, P.C.
>                                   1120 Lincoln Street, Suite 1308
>                                   Denver, CO 80203
>                                   bcase@semplelaw.com
>                                   jfero@semplelaw.com
>                                   mspiegel@semplelaw.com
>
>                               ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of October, 2025, I electronically filed the foregoing via CM/ECF, which will provide notice of the filing to:

David A. Lane
Madison Lips
KILLMER LANE, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
dlane@kln-law.com; mlips@kln-law.com
Attorneys for Plaintiff

      In addition, I provided notice via email to:

Steve Zansberg
Zansberg Beylkin
100 Fillmore St., Ste. 500
Denver, CO 80206
steve@zblegal.com
Attorney for 9News

>                               By:    *s/ Elaine Montoya*

**INDEX OF EXHIBITS**

Ex. A:  Broadcast of Interview

Ex. B:  Document provided by Plaintiff in response to request for production of documents

Ex. C:  Excerpt of Reporter's Transcript of Scheduling Conference

Ex. D:  Subpoena

Ex. E:  August 25, 2025 letter from Steve Zansberg to Brent Case with objections to Subpoena

Ex. F:  September 16, 2025 letter from Brent Case to Steve Zansberg modifying Subpoena

Ex. G:  September 17, 2025 email from Steve Zansberg to Brent Case standing on objection to Subpoena